## H. J. STRANGE AND J. J. SUMMERSBY v. E. A. HICKERSON.

#### No. 106.

PRACTICE IN COURTS OF ERROR—*defective bill of exceptions in district court, case should be dismissed.* Where a case is properly taken on error from a justice's court to the district court by a bill of exceptions, the district court may affirm the judgment and award execution to carry into effect the judgment of the justice in the same manner as if such judgment had been rendered in the district court; but where a case is not properly taken on error from the justice's court to the district court, and the trial judge so finds, the petition in error should be dismissed.

Error from Ford District Court. Hon. A. J. Abbott, Judge. Opinion filed November 19, 1897. *Reversed.*

*B. F. Milton,* for plaintiffs in error.
*Sutton & McGarry,* for defendant in error.

SCHOONOVER, J. This proceeding was instituted under paragraph 1192, General Statutes of 1889. The Ancient Order of United Workmen, Dodge City Lodge No. 172, as plaintiff, commenced an action in justice's court in Ford County against the Merchants State Bank of Dodge City, Kan., as defendant, to recover $176.05. Judgment was rendered for plaintiff, and on the same day an execution was issued and on

876 STRANGE v. HICKERSON.

S. Dept.       Opinion.   Schoonover, J.       6 Kan. App.

the same day returned with the following indorsement thereon :

"I cannot find any property of the within-named Merchants State Bank of Dodge City, Kan.

           H. B. BELL, *Sheriff.*"

The plaintiff served notice upon J. H. Churchill, H. J. Strange and J. J. Summersby, as stockholders of said bank, that plaintiff would make a motion before the justice of the peace for an execution to be issued upon said judgment against each of the above-named stockholders, to collect the amount of their several liabilities, or so much thereof as would be necessary to pay said judgment and costs. The motion was heard, and the justice ordered the execution to issue. A motion for a new trial was made, and granted by the justice as to the proceedings against the stockholders.

On March 19, 1891, E. A. Hickerson, who was at the time of the commencement of this suit receiver of said lodge, was substituted for the plaintiff, and a new trial had as to the stockholders, and execution again ordered to issue against them. A motion for a new trial was again filed by the stockholders and overruled. The stockholders then filed in the District Court of Ford County their undertaking, petition in error and bill of exceptions to reverse the proceedings had against them.

When the case was called for trial in the District Court, E. A. Hickerson, defendant in error, filed his motion to affirm the judgment of the justice for the following reasons :

"Comes the defendant and moves the court to affirm the judgment in this case upon the record as brought to this court by the plaintiff in error, for the reason that the proceedings had before the justice of

the peace from which this cause came to this court
are not set out in such record in full, and that all of
the portion of the record of the proceedings had be-
fore the justice of the peace necessary to exhibit to
this court the error complained of — in such form and
substance as will enable the court to review the same
and determine that said justice committed any error
complained of — by the petition in error in this case, is
not set out in such record.''

This motion was sustained, the judgment of the jus-
tice affirmed, and execution ordered from the District
Court, as appears from the journal entry signed by the
trial court, a part of which reads as follows :

'' Whereupon the court, after hearing the argument
of counsel for both parties upon said motion, and upon
due consideration, finds that no proper transcript of
the proceedings had before the justice of the peace
has been brought to this court by the plaintiffs in
error, by which this court is enabled to determine
whether said justice of the peace committed any error
complained of by the plaintiffs in error or not.

'' Wherefore it is considered, ordered and adjudged
by this court that the judgment of the justice of the
peace be affirmed ; and the court further finds that
execution for the enforcement and collection of said
judgment be issued from this court, and that there be
collected and applied to the payment of said judgment,
from said J. H. Churchill, $390 ; from H. J. Strange,
$130 ; and from J. J. Summersby, $130 ; or so much
thereof as is necessary to satisfy said judgment.''

After the District Court found '' that no proper tran-
script of the proceedings had before the justice of the
peace has been brought to this court by the plaintiffs
in error by which this court is enabled to determine
whether said justice of the peace committed any error
complained of by the plaintiffs in error or not,'' it was
error to affirm the judgment of the justice of the peace
and order execution to issue from the District Court

against the stockholders. If there was no transcript before the court, the case should have been dismissed. If the case had been taken to the District Court by appeal, and the court had found that no sufficient appeal bond had been given, would not the proper practice have been to dismiss the appeal?

Where a case is properly taken on error from a justice's court to the district court by a bill of exceptions, the district court may affirm the judgment and award execution to carry into effect the judgment of the justice in the same manner as if such judgment had been rendered in the district court; but where a case is not properly taken on error from the justice's court to the district court, and the district court so finds, the petition in error should be dismissed.

The judgment of the District Court is reversed.

Dennison, P. J., concurring.

Milton, J., having been of counsel, not sitting.